EASTERN DIST.

*May*, 1840.

BALDWIN'S EX-
ECUTOR
*vs.*
CARLETON.

══════════

## BALDWIN'S EXECUTOR *vs.* CARLETON.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

An executor cannot be a purchaser of the property of the estate he administers, when sold at public auction by order of the Court of Probates. He cannot be buyer and seller.

The court should not receive evidence of the *value* of professional services, as of an attorney at law, but pass upon them as an expert; the services being rendered under the eye of the court.

An executor who is a professional man, and renders legal services to the estate administered by him, is not entitled to any separate compensation, according to the practice in England.

EASTERN DIST.
*May*, 1840.

BALDWIN'S EX-
ECUTOR
*vs.*
CARLETON.

When an executor receives money of the estate from a co-executor, or applies it improperly to his own use, it is considered still as money in his hands as executor, for which he is accountable, and it may be recovered in the Court of Probates.

This is an action by way of opposition filed by Thomas H. Maddox, testamentary executor of Eliza Baldwin, deceased, and tutor of her minor son, to an item of seven thousand five hundred dollars, charged in the account of Henry Carleton, his co-executor, for professional services as attorney and counsellor at law, rendered the estate administered by them. He further alleges, that he was induced to allow said charge, supposing it to be correct, but has since understood that his co-executor is not entitled to any separate compensation over and above his commissions, and that he allowed it in error, which was caused by the interested misrepresentation of said Carleton. He prays that their account as executors be amended, this charge disallowed, and that the said Henry Carleton be condemned to return this sum of money to the mass of the estate, and pay it over to him as tutor of the minor, Isaac Baldwin.

The defendant opposed a general denial.

It was admitted that Carleton received his full share of the commissions, as co-executor of Mrs. Baldwin's estate, amounting to seven thousand one hundred and eighty-seven dollars; and it appeared that there was very little legal or professional service required or rendered. Testimony was taken as to the value of the services rendered. Several members of the bar gave it as their opinion, from the magnitude and amount of the estate administered, the services charged by the defendant were not too high.

The Judge of Probates reduced this charge, or item, to three thousand dollars, and ordered the tableau, or executor's account, to be amended accordingly. Both parties appealed.

*L. Janin,* for the plaintiff in opposition, contended that the judgment should be reversed, and one given disallowing

EASTERN DIST.
*May*, 1840.

BALDWIN'S EX-
ECUTOR
*vs.*
CARLETON.

the whole charge.   An executor who is a lawyer, and renders legal services to the estate, is not entitled to a separate compensation.   1 *Chitty's General Practice*, 553 ; 2 *idem., Appendix*, 109.

2.  Professional services rendered in the settlement of an estate, must be estimated by the Court of Probates, from its own knowledge in case of contestation, without requiring testimony of the *value* of the services.   5 *Martin, N. S.*, 399 ; 3 *Martin*, 365, 606 ; 5 *idem.*, 416 ; 5 *Louisiana Reports*, 46 ; 9 *idem.*, 284 ; 12 *idem.*, 77.

3.  The executor is bound to render all the services in his power to the estate, without charging more than the commission allowed by law.   It is in evidence that the defendant, from his avocation and the place of his residence, could render, and did render to the estate, no other services but those which consisted in conducting the usual proceedings in the Probate Court ; and it must, therefore, be supposed that he was appointed executor by the testatrix, because she expected those services from him.

4.  If any fee could be allowed, that which has been allowed, should be reduced, for it is exorbitant.   These services consisted in matters which required neither peculiar legal skill, or involved any responsibility, and cannot have occupied the defendant more than a few hours.

5.  The exception to the jurisdiction of the Court of Probates, cannot be sustained.   This suit is in the nature of an opposition to an executor's account, and which must be settled in the Court of Probates.   The court, if it disallows the charge, or this item in the account, must have the account amended, the charge stricken out, and order this amount of the money of the estate to be paid over by the co-executor, to the tutor and representative of the heir.

*Micou* and *Lockett,*  for the defendant.

This case must be considered, either as a suit to recover back money paid to the defendant, or as an opposition to a tableau of distribution.   As a demand for money paid, the Court of Probates had no jurisdiction.   *Code of Practice*, 925.

As an opposition it must be dismissed, because there are no parties, and consequently no suit before the court.

2. But if these exceptions are overruled, the defendant contends on the merits : That the defendant, although executor, was not bound to devote his *professional* services, without compensation ; that the evidence fully supports the reasonableness of his demand ; that whether the defendant was or was not, in *strict law*, entitled to his fees, he is entitled to them in equity and good conscience ; and in such case, no action lies to recover money paid, because the law presumes the payment to be made, in fulfilment of a natural or moral obligation. See cases cited, *Evans' Pothier, vol.* 2, 379, 389, 390 ; *Louisiana Code,* 1840.

3. The payment *is* not alleged or proved to have been made under any error or mistake of fact.

That the payment *was* made in pursuance of a tableau filed by plaintiff, which is a judicial act or confession ; and plaintiff cannot revoke it, under pretence of an error in law. *Louisiana Code,* 1840, 2270.

*Martin, J.,* delivered the opinion of the court.

The executors of the estate of Eliza Baldwin, deceased, having presented their account for homologation, one of them, Thomas H. Maddox, who is also tutor to the heir of the testatrix, opposed an item in the account, in which a charge is made of the sum of seven thousand five hundred dollars, as a fee for professional services rendered by Henry Carleton, Esq., his co-executor. This fee was reduced by the judgment of the Court of Probates, and both parties appealed.

The grounds of opposition are, that this charge was allowed and paid, by the opponent, in error, and through the misrepresentation of his co-executor, who assured him that it was legal and just. That he has since been undeceived, and is informed and believes that an executor can have no claim against the estate, for professional services.

The latter part of this opposition presents the only question which we are called upon to solve.

EASTERN DIST.
*May,* 1840.

BALDWIN'S EX-
ECUTOR
*vs.*
CARLETON.

EASTERN DIST.
*May,* 1840.
═══════════
BALDWIN'S EX-
ECUTOR
*vs.*
CARLETON.
───────────
An executor
cannot be a pur-
chaser of the
property of the
estate he admin-
isters, when sold
at public auc-
tion, by order of
the Court of Pro-
bates. He can-
not be buyer and
seller.

In the case of *Scott's Executrix* vs. *Gorton's Executor*, 14 *Louisiana Reports*, 115, this court held, that an executor is prohibited from purchasing property of the estate which he administers. He cannot be buyer and seller. The law will not permit him to put himself in a situation in which his duty and interest must necessarily be at variance. In such a sale, it is his duty so to act that the property sold should bring the highest price. His interest is to have it sold for the lowest. The law, therefore, strikes the sale with nullity. The reason is the same if the executor sells to the estate a part of his own property, as supplies necessary to the use of the plantation belonging to the estate. In such a case his *interest* and his duty are equally in opposition. It is his duty so to act that the supplies may be furnished to the estate on the lowest terms. It is his *interest* that they should be sold at the highest price. There can, therefore, be no difference between the purchase by an executor, of cotton belonging to an estate administered by him, and the sale of the necessary supplies, which is his property, for the use of the estate.

In vain would it be said that the law would not strike with nullity the sale of cotton, if the highest price was given, or that of the supplies, if the lowest was taken : for the Code says, " when, to prevent frauds, the law declares certain acts void, its provisions are not to be dispensed with, on the ground that the particular act in question has been proved not to be fraudulent or contrary to the public good." *Louisiana Code, article* 19. The prohibition as to the contract of sale extends to that of lease ; indeed, to every other species of contract : for no executor or any other person can contract with himself. *Beall* vs. *M'Kernion,* 6 *Louisiana Reports,* 437. If he could, his interest would be at variance with his duty.

In the present case, it was the interest of the estate, that the best attorney should be selected and employed on the best terms. It was the duty of the executor to employ such. But it was *his interest* in this case that *he should* be employed at all events ; and as his conduct has shown, on the very highest terms. In our opinion he succumbed to the temptation. The charge was reduced by the judge of probates,

EASTERN DIST.
*May*, 1840.

BALDWIN'S EX-
ECUTOR
*vs.*
CARLETON.

below one-half; and we think that if another attorney than the executor himself had been employed, his services would have been well rewarded by one-third of what was allowed.

It was admitted in argument, that there was not a single suit brought for or against the estate. It moreover appears, that all the professional services rendered, were confined to obtaining the ordinary orders of court, for the probate of the will; appointing appraisers and taking the inventory, for the sale of the personal property in this city, which consisted chiefly of the furniture of the house in which the testatrix died; and finally, presenting a petition for the homologation of the executor's account.

The court ought not to receive testimony of the *value* of professional services like those. It should pass upon them as an expert. As the services to be thus compensated are rendered under the eye of the court, it should fix the value of them on its own responsibility. We so held in the case of *Dorsey* vs. *His Creditors*, 5 *Martin*, *N. S.*, 399.

In England, it has been held that an executor, who is also a professional man, and renders legal services to the estate he administers, is not entitled to any separate compensation. 1 *Chitty's General Practice*, 553. 2 *idem.*, *Appendix*, 109.

The defendant's counsel contended that the Probate Court was without jurisdiction in this case; it being an attempt to recover money from him in his individual capacity. We think there is nothing in the objection. When an executor receives money of the estate from his co-executor, or applies it improperly to his own use, it is in contemplation of law still money of the estate in his hands, as executor, and he is accountable in the Court of Probates therefor, in the same manner as if it had never been so applied.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed; and proceeding to give such judgment as should have been rendered in the court below, it is ordered and decreed, that the account or tableau of the executors be amended, by striking therefrom the item or charge of seven

*Margin summary:* The court should not receive evidence of the *value* of professional services of an attorney at law, but pass upon them as an expert, the services being rendered under the eye of the court. An executor who is a professional man, and renders legal services to the estate administered by him is not entitled to any separate compensation, according to the practice in England. When an executor receives money of the estate from a co-executor, or applies it improperly to his own use, it is considered still as money in his hands as executor, for which he is accountable, and may be recovered in the Court of Probates.

<div style="margin-left:margin">

EASTERN DIST.
*May*, 1840.

</div>

thousand five hundred dollars, charged and paid to Henry Carleton, Esq., as a fee for professional services; that the tableau or account of the executors, thus amended, be homologated and confirmed; and that Thomas H. Maddox, tutor to the minor, Isaac Baldwin, heir of the testatrix, do recover of the said Henry Carleton, the sum of seven thousand five hundred dollars, with the costs of this opposition in both courts.