JAMES GRIMSHAW and another *v.* HENRY HART and another.

A defence that a memorandum of a contract of sale had been altered by the plaintiffs without the consent of the defendants, not made in the lower court, cannot be urged after appeal.

Defendants contracted to purchase a piece of land for a certain sum, payable part in cash, and the remainder at future periods, but refused to execute the contract on the ground that the property was encumbered with mortgages. Plaintiffs produced an act which had been prepared for the conveyance of the land to the defendants, containing a clause for the intervention of the mortgagees, and the release of their claims, on the payment of the cash price, and the delivery of the notes, for the future instalments according to the terms of the contract. The act was not signed by the mortgagees, but it was proved that they were ready to sign it, on the payment of the cash price and the delivery of the notes. In an action for a specific performance : *Held,* that the existence of the mortgages authorized the defendants to retain the price until the mortgages were released or security given, but did not absolve them from the obligation of completing the purchase ; and that plaintiffs offered what was equal to a release of the mortgages, and better than any security which the court could order to be given—the intervention of the mortgagees in the act of sale, for the purpose of releasing their claims, on the compliance of the purchasers with the terms of the sale. Judgment for the plaintiffs.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Paul*, *H. R. Denis*, and *Benjamin*, for the plaintiffs.

*Roselius*, for the appellants.

MARTIN, J. The facts of this case are these : the defendants

made a written proposal to the plaintiffs, for the purchase of a piece of land of the latter, in the city of Lafayette, which was accepted in writing. The present suit was brought for a specific performance of the contract, and resisted on the plea of the general issue, and a denial of the plaintiffs' readiness or ability to give to the defendants a valid title, the land being encumbered with mortgages far exceeding its value. The defendants admitted their signatures to the proposal for the purchase. There was a judgment against them, and they appealed.

The statement of facts consists of the defendants' proposal to purchase the premises for a given sum, payable partly immediately, and partly at protracted periods. Under this proposal, the plaintiffs wrote the word *accepted,* and placed their signatures, under which is a statement of the manner in which the protracted payments were to be effected, to wit, by a number of notes, one-half of which were to be made by Hart, and endorsed by his co-defendant; the other half by the latter and endorsed by Hart. A notary produced an act which he had prepared for the conveyance of the land by the plaintiffs, to the defendants, which contained a clause for the intervention of all the mortgagees, and the release of all their rights, on the defendants' payment of the cash price, and the delivery of the notes for the protracted instalments, according to the terms of the contract. The act was not signed by the mortgagees, but they stated their readiness to sign it and release their mortgages, on the defendants' making the payment, and delivering the notes. McKinney, the defendants' attorney, called by the plaintiffs, deposed, that he had examined their title, and saw no objection thereto but the mortgages; and that his clients were ready to comply with the contract as soon as the mortgages were raised. A witness for the defendants stated, that he went frequently with the defendants to the notary's office, and that the defendants had the money for the cash payment, and the notes for the others, which they offered, and demanded an unencumbered title. He added, that he went with Hart to the office of Grimshaw, where the former told the latter, that he considered himself released from his contract, by the latter's neglect to have the mortgages released, and was answered, that he would be sued. The statement which is drawn by the counsel of the

parties, concludes with an admission, that an act was prepared by the notary reciting the mortgages, in which was the clause stated by the notary for the intervention of the mortgagees, and the release of their mortgages on their receiving the price.

It appears to us, that the First Judge did not err. The counsel for the appellants has indeed urged in this court, that his clients made a joint proposal, on which the appellees could not engraft a joint and several obligation ; nor did the former engage to give any note, either joint, or joint and several for the protracted payments. That their proposal was accepted absolutely, and the appellees have not a right to insert after their signatures to the acceptance, a statement of notes to be given by the appellants. The proposals, acceptance, and statement of notes, were read below without any opposition. If the statement of notes was, after the acceptance, and without the participation of the appellants, added to the acceptance, it was a forgery, and it ought not to have been read. The appellants made no such defence below. It is clear they expected that their notes would be required ; for a witness introduced by them informs us, that they had prepared their notes, and were ready to deliver them if the mortgages had been raised. They must, therefore, be confined to the only defence they made below, to wit, that the mortgages were not released. The existence of the mortgages did not absolve them from the obligation of completing the purchase, otherwise than by authorizing them to retain the price until the mortgages were released, or security was given them. The vendors offered them what was equal to a release of the mortgage, and better than any security which the court might order to be given, to wit, the intervention of all the mortgagees in the act of sale, and their release therein, on the compliance of the vendees with the terms of the sale.

*Judgment affirmed.*