JAMES M. CONNER, PLAINTIFF IN ERROR, v. JOSEPH C. TODD ET AL., DEFENDANTS IN ERROR.

1. The property of a corporation which is a judgment debtor cannot be reached under supplementary proceedings taken under the "act respecting executions." *Rev., p.* 393.
2. The language of the Execution act clearly indicates that the legislature intended to provide means for compelling satisfaction of judgments against natural persons, and that claims against corporations were not within its contemplation.

Error to Passaic Circuit.

For the plaintiff in error, *T. M. Moore.*

For the defendants in error, *J. W. Griggs* and *I. N. Miller.*

The opinion of the court was delivered by

THE CHANCELLOR. This is an action of replevin. The plaintiff (Conner) claims title to the property in question under a mortgage given to him by Joseph F. Morris. Morris ob-

tained his title to the property under a sale by a receiver appointed in supplementary proceedings under a judgment recovered by Conner against the Passaic Printing and Publishing Company, a corporation of this state. The only question which it is necessary to decide in order to dispose of the case is whether any title passed by such receiver's sale. The language of that part of the " act respecting executions," under which those proceedings were taken, indicates clearly that the legislature, in enacting it, intended to provide means for compelling satisfaction of judgments against natural persons, and that claims against corporations were not within its contemplation. The provisions of that part of the act are adapted to the case of judgments against natural persons, and there is no evidence of any design to embrace corporations within them. When that part of the act was originally passed, (when first enacted it was a separate act, entitled "An act to prevent fraudulent trusts and assignments,") the law providing an equitable and just method of administering the property of insolvent corporations was, and for very many years had been, in existence. It is reasonable to suppose that if the legislature had intended to introduce a new method of dealing with corporations unable to meet their pecuniary engagements and liabilities, it would have declared such intention. The act respecting executions provides for the appointment of a receiver of the debtor's property, who is to apply it to the payment of the judgment creditor's debt, and the costs of the proceedings and his own compensation, and then to pay the balance, if any, into court. It gives a preference to the judgment creditor who invokes its aid. The act concerning corporations, on the other hand, provides for the payment of the creditors of an insolvent corporation out of its assets, proportionally, according to the amount of their debts, except mortgage and judgment creditors, when the judgment has not been confessed to give preference. It provides against preferences. Both acts sequester the property of the debtor, the one for the benefit of the judgment creditor who takes the proceedings, the other for the benefit of all the creditors. Nor can it be

successfully urged that a corporation may be subject to the provisions of the act respecting executions and not be within the provisions of the act concerning corporations in reference to insolvent companies; that is, that its property may be so situated that it cannot be reached by execution, and yet the corporation may not be insolvent. A corporation which is a judgment debtor, whose property cannot be reached by execution, would be decreed to be insolvent. The proceedings under which the receiver in this case was appointed were void for want of jurisdiction, and consequently no title passed by the receiver's sale. The judgment of the Circuit Court should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Depue, Knapp, Magie, Parker, Reed, Scudder, Van Syckel, Brown, Clement, Cole, McGregor, Paterson, Whitaker. 15.

*For reversal*—None.