MARIA L. TAYLOR, by her next friend; *vs.* JOHN W. SLATER *et als.*

Pub. Laws R. I. cap. 1204, of May 26, 1893, having empowered married women to make contracts and subject their property to liability for their debts in the same manner as if they had continued sole and unmarried a married woman suing her husband and others in equity must now bring her bill in her own name without the intervention of a next friend.

BILL IN EQUITY by a married woman by her next friend against her husband and others. On respondents' motion to dismiss the bill.

*February* 5, 1895. PER CURIAM. By Pub. Laws R. I. cap. 1204, of May 26, 1893, the disabilities of married women were removed, and married women were, for the most part, put on the footing of unmarried women. They may make contracts and subject their property to liability for their debts in the same circumstances and with the same effect as if they had continued sole and unmarried. This being so, there is no longer any necessity for a married woman having occasion to sue her husband and others in equity to proceed by a next friend instead of proceeding directly herself. Having been put by the statute on the footing of a single woman, and there being no longer any necessity for the intervention of a next friend, we think that a married woman is bound to

sue in such a case in the same manner as a single woman would be required to do; that is, directly, and not through a next friend. We are of the opinion, therefore, that the present bill was improperly brought by the complainant by her next friend, instead of by herself directly. The motion to dismiss is granted.

*Edward D. Bassett,* for complainant.

*Charles P. Robinson,* for respondents.