CITY OF ROCKLAND *vs.* LUCY C. FARNSWORTH.

Knox.     Opinion January 27, 1897.

*Domicie. Evidence. Tax.*

Upon the trial of the issue, whether the defendant was a resident of Rockland, April 1, 1894, so as to be taxable there, it is error to admit in evidence a writ dated November 27, 1894, in an action brought by him and pending in court at the time of trial, wherein he is described as plaintiff "of Rockland," it not appearing that his residence was inserted therein with his knowledge or by his direction.

Pleadings in another suit may be used as admissions of a party, where they bear upon the material issues on trial and appear to have been made by his direction, or adoption, and shown by prosecuting the action upon them, as the foundation of his claim.

ON EXCEPTIONS BY DEFENDANT.

This was an action of debt to recover the sum of twelve hundred and sixty dollars, the amount of a tax assessed in the city of Rockland for the year 1894 upon the personal estate of the defendant, together with interest thereon from October 15th of that year at the rate of eight per cent. The tax upon defendant's real estate had been paid prior to the commencement of this action. The plea was the general issue with a brief statement setting forth that she was an inhabitant of the town of Camden and had been such inhabitant since some time in the month of March, A. D. 1885, at which time she claimed to have removed from Rockland and taken up her abode in Camden.

The verdict was for the plaintiff.

The defendant took exceptions to the admission and exclusion of evidence. The court considered but one of the exceptions, which arose as follows:—

Counsel for plaintiff offered a writ issued from the office of Mortland & Johnson, dated November 27th, 1894, returnable to the December term, 1894, in which Lucy C. Farnsworth was named · as plaintiff and described in the writ as of Rockland, against Oscar G. Burns, defendant, as an admission bearing on the residence of the defendant, which was admitted against the objection of defendant.

*W. R. Prescott*, City Solicitor, for plaintiff.

Grounds of objection should have been set forth specifically when the objection was made. Record is silent.

Counsel cited: *Grant* v. *Libby*, 71 Maine, 429; *State* v. *Savage*, 69 Maine, 114; *Longfellow* v. *Longfellow*, 54 Maine, 246; *White* v. *Chadbourne*, 41 Maine, 149; *Holbrook* v. *Jackson*, 7 Cush. 136; *Ruggles* v. *Coffin*, 70 Maine, 472. Objection comes too late. *Walters* v. *Gilbert*, 2 Cush. 28, 29; *Harriman* v. *Sanger*, 67 Maine, 444; *Coe* v. *Washington Mills*, 149 Mass. 545; *Connolly* v. *Beverly*, 151 Mass. 537; *Bonney* v. *Morrill*, 57 Maine, 373; *Baker* v. *Cooper*, Id. 390; *Staples* v. *Wellington*, 58 Maine, 460.

It must affirmatively appear that the ruling is erroneous. *Fairfield* v. *Old Town*, 73 Maine, 573; *Reed* v. *Reed*, 70 Maine, 504; *Barrett* v. *Bangor*, Id. 335; *Reed* v. *Reed*, 78 Maine, 276.

Evidence admissible.   12 Am. & Eng. Enc., p. 149, e; *Southard*
v. *Wilson*, 21 Maine, 495; *Ellis* v. *Jameson*, 7 Maine, 235.

Proper instructions presumed to have been given, nothing to the
contrary appearing.   *Lord* v. *Kennebunkport*, 61 Maine, 465.

*D. N. Mortland and M. A. Johnson*, for defendant.

SITTING: WALTON, EMERY, HASKELL, WHITEHOUSE, WIS-
WELL, JJ.

HASKELL, J. The issue to the jury was whether the defendant
was a resident of Rockland April 1, 1894, so as to be there tax-
able.   Plaintiff read in evidence, as tending to show defendant's
residence in Rockland, April 1, 1894, a writ dated November
27, 1894, by her against a stranger to this suit, wherein she
described herself as "of Rockland." To the admission of this
writ defendant has exception.

The writ could only have been admissible as an admission of
the fact of residence at its date.   If competent for that purpose,
it might tend to show the same residence on the preceding April.
Its competency must depend upon whether it was an admission of
the plaintiff therein.   If merely the recital of her attorney, with-
out her knowledge or direction, it certainly could not be her
admission.   Nothing of the sort is shown.   The fact that she still
prosecuted the suit at the time of the trial of this action could
make no difference, because it was an immaterial recital therein.
Had she been described as of Camden, or Thomaston, it would
have been just as well, so far as that suit was concerned.   It is not
a declaration for the recovery of a specific claim that negatived her
interest in another claim, as in *Boston* v. *Richardson*, 13 Allen,
162, where the declaration in a former suit by the defendant to
recover a certain parcel of land negatived the ownership of the
land by him, to which he claimed title in the suit on trial; nor,
as in *Gordon* v. *Parmlee*, 2 Allen, 215, "in the nature of an
admission by the defendants of the nature and amount of damages
which they claimed of the plaintiffs in reduction of the amount
due on the notes" in suit; nor, as in *Bliss* v. *Nichols*, 12 Allen,
443, where, in suit against the drawer of a bill of exchange, protest

being denied, one defendant had previously sued the acceptor upon his agreement to pay the same, her declaration in that case was admitted as competent evidence, it appearing to have been made by her authority; nor, as in *Central Bridge Corporation* v. *Lowell*, 12 Gray, 122, where the defendant's deliberate answer in another case between the same parties was thought competent evidence.

The evidence relied upon here is much like that in *Saunders* v. *McCarthy*, 8 Allen, 42; a statement of the attorney that cannot bind his client.

The doctrine seems to be settled that pleadings in another suit may be used as admissions of the party, where they bear upon the material issues on trial and appear to have been made by his direction, or adoption, shown "by prosecuting the action upon them, as the foundation of his claim." *Dennie* v. *Williams*, 135 Mass. 28. In that case, an answer signed by the attorney in another case, without direction by the party shown, was held incompetent evidence as the admission of such party. See also *Elliott* v. *Hayden*, 104 Mass. 180. The evidence admitted was incompetent and mischievous.

*Exceptions sustained.*