His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
This is a suit to compel an adjudicatee to comply with .an adjudication to him.
Raoul Labosterie died. His succession was opened and his wife was appointed and qualified as administratrix. According to the inventory of his succession he left an undivided fourth of a lot of ground and improvents bearnig Nos. 1909-1911 St. Philip Street in the City of New Orleans. The administratrix obtained an order for the sale of “the right, title and interest of the late Raoul Labosterie in and to the property and real estate of his succession.”
The three co-proprietors of the deceased, owners each of one-fourth, and together of the remaining three- *319 fourths, deposited with the auctioneer a written document joining, in the sale of the whole lot.
The auctioneer advertised for sale the whole lot. The preamble of the advertisement reads as f ollows:
‘ ‘ Under and by virtue of an order of the Honorable H. K. tókinner, Judge of the Civil District Court for the -Parish of Orleans, Division H C,‘ ’ dated and signed on September 14th, 1915, in the above entitled and numbered matter, and to me directed, I will proceed to sell at public auction on the day, time and place above designated, the one undivided fourth right, title and interest, also the remaining three undivided fourths as per special agreement between the co-owners, thereby offering the property as a whole, in the following described property, viz. ” •
Then follows a complete description-of the whole property.
The whole property was adjudicated to Corinne Maestri.
The .attorney'charged with the examination of the title rejected it, “on the ground that the auctioneer had no right to sell the whole property for the reason that the order of the Court under which this property was sold directed the auctioneer to sell only one-fourth and not the-other three-fourths which belonged) to the co-owners. The. said matter can only be done by a partition and not by an agreement. ’ ’
Thereupon the administratrix took a rule upon the adjudieatee to ha ve her condemned to comply with the adjudication to her.
The Judge maintained the defense and dismissed the rule. The administratrix and the eo-proprietórs of the deceased have appealed.
*320 We see no possible defense to the rule. As far as the one-fourth interest of the deceased is concerned,' the order of Court for the sale of it protects the .adjudicatee; as.far as the other three-fourths are concerned the authority of the owners thereof was the mandate of sale to- the auctioneer. The rule should have been made absolute.
A purchaser cannot refuse to accept title and pay the price on the ground there is ah outstanding owner if such owner intervenes and ratifies the sale. 7 L., 291; 6 R., 266; 7 A., 477; 31 A., 164; 36 A., 989; Succn. of Leichliter, 14 A., 217; 38 A., 522; 4 Dallos, C. A., Art. 1599, No. 109, p. 89; 43 Dalloz Rep. Leg., Vol. Vente, No. 525, p. 158.
It is therefore ordered, adjudged and decreed that the' judgment of the lower 'Court be reversed, annulled and avoided; and that there now be judgment making -absolute the rule herein taken on December 6th, 1915, by the administratrix herein against the adjudicatee and accordingly that there be judgment condemning- the said adjudicatee, Corinne Maestri, to comply with the adjudication to- her made on November 18th, 1915, and accordingly pay the sum of two thousand dollars in accordance with the terms of said adjudication with five per cent per annum interest from said November 18th, 1915, until paid pn the portion thereof payable cash, less the amount of the deposit, and seven per cent per annum interest from same date upon any portion of said price which she may pay on credit, conditioned upon the administratrix herein and the owners of the other three-fourths and their husbands tendering to the said Corinne Maestri a notarial act of sale signed by all of them and accompanied by the usual clear mortgage and conveyance certificates in the names of all the owners, and cer *321 tificates showing the payment of all- taxes np to the year 1914 inclusive, and subject to an accounting to her for the rents of the property from November 18th, 1915; the costs of the rule and of this appeal to -be paid by Corinne Maestri.
Opinion and decree, March 27th, 1916.
Rehearing refused. April 24th, 1916.