ANDREA BOLURA

 vs

J. O. F. DAVIDSON, Jr. et als.

7630. No. 7630

November 10th, 1919.

7630

CHARLES F. CLAIBORNE, JUDGE.

The only question in this case is whether the broker who brought about a contract of sale between the plaintiff and the defendant herein is entitled to a commission. The pleadings are as follows:

Plaintiff Bonura alleged that in accordance with a written document annexed to his petition he agreed to buy from the defendant, Davidson, a certain lot of ground for the price of $2100; that he deposited ten per cent of this price, say, $210 with N. J. Clesi, the broker who effected the sale; that he, the plaintiff, refused to consummate the sale and to take the property for the following reasons:

A. "Petitioner had had no opportunity to examine the improvements on said property before the time when said agreement to purchase was signed, and, upon examination, found that the improvements were not as represented; that the buildings on said property had not been erected in a proper and workmanlike manner; that the said buildings and other constructions on the grounds covered by the said agreement, had not been completed";

B. "That notwithstanding the obligation of defendant, John F. Davidson, Jr., to sell and deliver a property free from incumbrances, the said property was not free from encumbrances, but was instead subject to a convnetional mortgage and to a judicial mortgage recorded against the said John F. Davidson, Jr. x x x x That defendant, John F. Davidson, has called upon petitioner to take said property and has threatened to forfeit the ten per cent deposit made by petitioner as aforesaid, but that at the time when Davidson agreed to sell said property no valid title could be made thereto, and that, notwithstanding the long delay during which petitioner

69

has waited since that time, the said John Davidson's title to said property is still encumbered and faulty as aforesaid".

Plaintiff therefore prayed for judgment against John F. Davidson for double the amount deposited by him, or $420, and against Clesi for $210.

The document annexed to the petition is in the following words:

"New Orleans, 4 - 1 - 1916.

Mr. M. J. Clesi.

Dear Sir:

I hereby agree to purchase through you the following described real estate: 2500-02 Prieur - double cottage - 4 rooms each side - ground measures 33 x 80 - The price to be Twenty-one Hundred Dollars - Terms of all cash x x x If this offer is accepted, I bind myself to deposit with you, immediately, ten per cent in cash of the purchase price, also to take the property upon above terms, if a good and valid title can be given. In the event of my failure to comply with the terms of this offer, I obligate myself to pay on demand your commission of three per cent on the purchase price and any attorney's fees and costs of court which you might incur in enforcing collection of your claim. x x x

"Signed" Andred Bonura

"I accept the above offer, also terms and conditions, and agree to pay you for services rendered 150.00 same being earned and payable when agreement to purchase is signed and the offer accepted.

"Signed" John F. Davidson

by A. L. De Jung".

The defendant Clesi admitted the deposit of $210 and for defense alleged:

He admitted that there was against said property a judicial and conventional mortgage, but that said mortgages together amounted to far less than the agreed purchase price of the property; that far from plaintiff being entitled to the double of the amount deposited by him, he has in fact forfeited

70

the deposit of $210 and besides has made himself liable to Clesi for three per cent of the amount of the purchase price together with $50 attorney's fees, which he claimed in reconvention.

Davidson admitted that the plaintiff had refused to take the title, on account of the existence of the judicial and conventional mortgage which he admitted; but he averred that they were less in amount than the price of sale agreed upon, and that, in the usual course of business, they would have been cancelled at the time of signing the act of sale; he admitted that he had called upon the plaintiff to take the property and that upon his failure so to do his deposit would be forfeited; he asked that the plaintiff's petition be dismissed and for judgment in reconvention for $250.

There was judgment for the plaintiff as prayed for, and rejecting the reconventional demands of the defendants.

From this judgment Clesi alone has appealed.

The allegations of the petition and of the answer are borne out by the evidence.

Delvaille H. Theard, attorney for the plaintiff, testified that he represented the plaintiff when he purchased the property; that Joseph Lautenschlaeger represented the defendant; he notified Mr. Lautenschlaeger that he refused to take the title for the reasons stated in the petition and because the property was subject to a judgment and to a mortgage against Davidson; on April 21st, 1916, Mr. Lautenschlaeger wrote to his office a letter in which he stated that if Bonura did not take the property he was going to put him in default; he did not answer Lautenschlaeger in writing but he told him to put Bonura in default and that he refused the title because there were mortgages on the property; Lautenschlaeger never put him in default; he met him several times on the street and asked him to put Bonura in default; finally in November 1916, while the judgment and the mortgage were still recorded against the property, he brought this suit for the reason that the judgment and the mortgage still rested on the property and for the other reason stated in the petition.

The conveyance certificate shows that Davidson sold this property on July 7th, 1916.

Davidson swears he sold it for $2100. The defendant

71

Clesi testifies: "we can deliver the property at this time at the price that Bonura purchased it for".

The plaintiff has abandoned his first ground of action. The plaintiff's obligation reads as follows:

"In the event of my failure to comply with the terms of this offer, I obligate myself to pay on demand your (Clesi's) commission of 3 per cent on the purchase price and any attorney's fees &c".

Of course that meant a failure to comply without any valid cause on the part of Bonura. We think Bonura was without valid cause for two reasons: First: the existence of a mortgage upon property offered for sale is not sufficient ground to reject the title or to refuse to pass the act of sale, unless it is shown that it is not in the power of the prospective vendor to release the mortgage or that he refuses to do so. To hold otherwise would put it out of the power of an owner of property encumbered with a mortgage to sell it, and would place the property out of commerce. The point was made and decided in Grinshaw vs Hart, 6 Rob., 265. The facts are as follows: Defendants contracted to purchase a piece of land but refused to execute the contract on the ground that the property was encumbered with mortgages. In an action for a specific performance, held, that the existence of the mortgages authorized the defendants to retain the price until the mortgages were released or security given out did not absolve them from the obligations of completing the purchase.

It is true that in that case it appears that the Notary, in preparing the act of sale, had included a clause for the intervention of the mortgagees and their release of the mortgage on payment of their claims out of the price to be paid by the purchaser; and that the mortgagees were ready and willing to grant a release on receiving payment of their claims; and that this evidence does not appear in this case. But the case did not turn upon that point. Whether the act provided for the intervention of the creditors or not, whether the creditors were willing or not to grant a release, all the purchaser had a right to do, was to retain, out of the purchase price, the amount of the mortgages. But be the last proposition sound or not, we entertain no doubt

72

that if the mortgage creditors are willing to release their mortgage at the time that the purchaser passes the act of sale and pays the price, that he cannot refuse to accept title to a property on the bare ground that there are mortgages recorded against it. See 7 L., 290; 7 A., 477; 36 A., 989; Dalloz Codes Ann. Art 1599 No. 109 p. 89. ✗

II. The burden was upon the plaintiff, as purchaser, to put the defendant Davidson, as vendor, in default, if he wished to cancel the sale. Davidson's inaction was a passive violation and did not authorize the plaintiff to demand a rescission of the sale without putting Davidson in default. In the case of Sewell vs Wilcox, 5 R., 83, the plaintiff, purchaser, brought suit to cancel the sale of certain lots of ground on the ground that they were encumbered with mortgages which the vendor Wilcox had promised, but failed, to cancel, notwithstanding a letter had been addressed to Wilcox notifying him that suit would be brought to annul the sale. The Court said on p. 87:

> "It does not very clearly appear whether this letter was received by Wilcox; but, admitting that it reached him, it contained no offer on the part of Sewell to perform his part of the contract, which was to pay the purchase money then due. x x x the putting in default of the vendor, Wilcox, was an indispensible prerequisite to the rescission of the contract, on the ground of his failure to comply with his obligation to cancel them. C. C. 1906; 6 N. S., 229; 3 La., 382; 6 La., 151". 4 R., 162; 1 Ct. App. 34.

In Charpaux vs Bellocq, 31 A., 165, the Court said: (Syllabus) "The failure of the vendor to perform a condition of the sale is a passive breach of contract, and before an action to annul because of such breach can be maintained, the vendee must be put in default. An offer to annul made by the vendor does not amount to a default".

In Harm vs Graffagnino, 121 La., 263 the plaintiff had agreed to buy property from the defendant; but the property was encumbered with a minor's mortgage; plaintiff (vendee) called upon defendant (vendor) to erase the mortgage; the vendor refused; plaintiff sued for specific performance - held: plaintiff never paid nor tendered payment of the price; suit

73

dismissed. 14 A., 606, 234.

Davidson sold the property only long after Bonura had refused to accept the title. As between them, Davidson perhaps had no right to make the sale, but the fact remains that not only Bonura failed to comply with the terms of his offer, but positively refused so to do, and thus gave life to Clesi's claim against him.

Considering that the services of Clesi's attorney have been rendered in the presence of the Court and are apparent on the record, we feel authorized to fix his fees for collecting this commission. 5 N. S., 399 (401); 15 La., 394 (399); 25 A., 647; 27 A., 467; 49 A., 1074, 1115; 51 A., 590 (604); 9 Ct. App., 305.

We shall therefore fix the fee at twenty-five dollars.

It is therefore ordered that the judgment herein, in favor of Andrea Bonura against N. J. Clesi be reduced from Two Hundred and ten dollars to One Hundred and twenty-two dollars, that the plaintiff pay the costs of appeal, and Clesi the costs of the lower court, and as thus amended that the judgment be affirmed.