SEXTON, Judge.
Elizabeth Smith Collins, the administratrix of the Succession of Jo Anne Fuller, appeals a judgment of the trial court awarding the provisional administrator a total of $123,836.93 as fees and expenses.[1] We reverse in part, amend in part and affirm in part.
Jo Anne Fuller died intestate on January 20, 1984, leaving three aunts as heirs, Mrs. Collins, who is a maternal aunt and Mrs. Clara Fuller Tobin and Mrs. Annie May Fuller Anderson, who are paternal aunts. She left an estate with assets totalling approximately $5.7 million.
Mr. Wade Baggette, an attorney who had been employed by Mrs. Tobin and Mrs. Anderson, obtained the office of provisional administrator of the estate after filing an opposition to Mrs. Collins’ appointment as administratrix.
Baggette served as provisional administrator of the estate from January 25 through October 31, 1984 — the date Mrs. Collins qualified as administratrix. For these services, he submitted a bill to the successionfor $170,000 as his fee as provisional administrator and as attorney for the succession, as well as for expenses incurred as provisional administrator. The succession refused payment and Mr. Bag-gette instituted this litigation to secure payment.
The trial court awarded judgment in favor of Mr. Baggette for $128,836.93. Of this sum, $27,000.00 was allotted as a fee to “reasonably compensate him for his services” as administrator. Mr. Baggette had sought $54,105.69 for these services. The court further awarded $95,785.81 as attorney’s fees for legal services to the succession. Mr. Baggette had sought $115,067.91 in this regard. The court also awarded $1,051.12 as reimbursement “for costs and expenses” as provisional administrator.
Mrs. Collins appeals contending that as an administrator Mr. Baggette is precluded from also receiving a fee for acting as *1019 attorney for the succession. Alternatively, Mrs. Collins contests the reasonableness of that award. Mr. Baggette neither appeals nor answers, but asserts the reasonableness of the fees charged. He also argues for the distinction of the jurisprudence cited by appellants with respect to his right to assert a fee as attorney for the estate while acting as provisional administrator.
We agree with appellants that the long-standing jurisprudence of this state is fatal to appellee’s effort to charge fees both as administrator and as attorney. As the Third Circuit stated in Succession of Skye, 417 So.2d 1221, 1233 (La.App. 3d Cir.1982):
It has long been the settled jurisprudence of this State that an executor who is also an attorney at iaw will not be allowed to charge for his services as attorney. Baldwin’s Executor v. Carleton, 15 La. 394 (La.1840); Succession of Key, 5 La.Ann. 567 (La.1850). As we noted by Justice Hawthorne in Footnote 1 in his dissent in Succession of Houssiere, 247 La. 764, 174 So.2d 521 (1965), [174 So.2d] on page 527:
“It is entirely natural for a succession representative to employ himself as counsel when he is also an attorney, but that practice has been thoroughly condemned in the strongest language by this court as a conflict of interest to the extent of allowing him no remuneration for such services.”
Appellee attempts to distinguish this jurisprudence on the basis that a) there is a statutory distinction between compensation of a provisional administrator and an executor or administrator,[2] b) this jurisprudence deals only with instances where “an extra allowance” for executor or administrator who was “overreaching” in an attempt to obtain a legal fee above the statutory allowance, and c) Mr. Baggette did not hire himself or act as his own attorney but hired the lawfirm with which he was associated “on the specific authority of his clients, Annie Anderson and Clara Tobin.”
We are not persuaded by appellee’s efforts to distinguish the long-standing jurisprudence. The rationale precluding an attorney from operating both as administrator and attorney for a succession is that the occupancy of the two posts by the same party may well create a conflict of interest. Baldwin’s Executor v. Carleton, 15 La. 394 (La.1840); Succession of Key, 5 La. Ann. 567 (La.1850). This rationale is applicable whether the party is administering the affairs of the succession as a provisional administrator or as an administrator. Indeed, the duties and obligations of a provisional administrator are the same as those of an administrator. LSA-C.C.P. Art. 3112.
Moreover, we are unable to determine that the legislature’s allowance of “reasonable” fees for a provisional administrator and a fixed fee for that of an executor or administrator presents a distinction sufficient to override the public policy basis for this jurisprudence.[3] The distinction is obviously based on the inherent temporary nature of the position of provisional administrator.
Finally, the fact that the administrator was originally contacted by dissident heirs or that some of the work was done by the law firm with which he is associated likewise does not override the public policy basis for this rule.[4]
Because we do not discern that appellants complain of the extent of the fee allowed Mr. Baggette as administrator, as appellees suggest in brief, and because Mr. *1020 Baggette has neither appealed nor answered, we do not evaluate the reasonableness of the fee awarded Mr. Baggette as provisional administrator. It is therefore necessary that the portion of the judgment awarding Mr. Baggette a fee as attorney for the estate be reversed and be deleted from the judgment of the trial court.
It should be noted that the record shows that certain portions of the fees awarded Mr. Baggette as attorney were based on purported services rendered after Mr. Baggette was no longer provisional administrator. Appellant has conceded that Mr. Baggette was specifically authorized to perform certain services with respect to the hiring of a new president for the Sterlington Bank subsequent to his tenure as provisional administrator. Appellants concede that Mr. Baggette’s fee reflected in the record of $510.00 is appropriate in this regard. The judgment will therefore be amended to so reflect. We decline to affirm any further award for attorney’s fees for services subsequent to Mr. Baggette’s tenure as provisional administrator because the record does not substantiate that they were authorized by the succession or that Mr. Baggette sustained his burden of establishing these on a quantum meruit basis. See Fowler v. Jordan, 437 So.2d 711 (La.App.2d Cir.1983).
Therefore, it is hereby ordered, adjudged and decreed that Part II of the judgment awarding Wade R. Baggette legal fees as provisional administrator in the amount of Ninety-five Thousand, Seven Hundred Eighty-five and 81/100 ($95,785.81) Dollars is reversed and ordered deleted from the judgment.
It is further ordered, adjudged and decreed that there be further judgment in favor of Wade R. Baggette in the sum of $510.00, representing legal fees subsequent to the conclusion of his duty as provisional administrator.
In all other respects, the judgment is affirmed. All costs of these proceedings are assessed against appellee.
REVERSED IN PART, AMENDED IN PART and AFFIRMED IN PART.

. For a somewhat related litigation, see Succession of Helen Smith Fuller, 480 So.2d 754 (La.App.2d Cir.1985), reversed at 482 So.2d 619 (La.1986).

. The asserted distinction is based on the fact that LSA-C.C.P. Art. 3351 allows a "reasonable compensation” for the services of a provisional administrator but sets two and one-half percent as the compensation for an executor or administrator.

. An administrator or executor may seek higher fees if warranted and a great deal of latitude is allowed in the fixing of such. LSA-C.C.P. Art. 3351; Succession of Skye, supra.

.Of course, Mr. Baggette and the attorneys with whom he is associated are considered a single entity. Brasseaux v. Girouard, 214 So.2d 401 (La.App.3d Cir.1968).