354 So.2d 721 (1978)
Succession of Waldtraut Hilda Von Den Brincken, wife of William Joseph BENTON.
No. 8715.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1978.
Garon, Brener & McNeely, Jackson P. McNeely, Milton E. Brener, New Orleans, *722 for Mrs. Astrid Walsh and Adeline Von Den Brincken, appellants.
Dudley Yoedicke, in pro per., As Testamentary Designated Attorney and Testamentary Executor for the Succession of Waldtraut Hilda Von Den Brincken, appellee.
Before GULOTTA, BEER and BOWES, JJ.
GULOTTA, Judge.
In this succession proceeding, we are confronted with two issues: 1) whether an attorney appointed in the decedent's will both as executor and also as attorney for the estate is entitled to attorney's fees in addition to an executor's fee; and 2) whether the value of stock included in the descriptive list of the assets is inflated over the fair market value of the stock as of the date of death of the decedent.
In the annual account and tableau of distribution filed by the testamentary executor, the proposed disbursements included a $15,000.00 attorney's fee to be paid to the named attorney handling the succession. Included in the tableau is a note which reads as follows: "Executor's fees estimated at $8,965.19 will be adjusted and provided for in the final account." The opposition to the account and tableau, filed by decedent's mother, who is the testamentary usufructuary, and decedent's sister, who is the universal legatee, is directed against the proposed disbursement of the attorney's fee and the inclusion of an alleged inflated value of stock as part of the listed assets of the gross estate of the decedent.[1]
The trial judge dismissed the opposition, thereby approving the disbursement of the attorney's fees to the attorney named in the will, and included in his judgment the following:
"* * *
"2. That any question as to a fee for the testamentary executor of this estate is premature and the right is hereby reserved to opponents to reurge any opposition which they may have to an executor's fee in the final account, or at any other time that a request for an executor's fee is presented to the court."
The opponents appeal.
The pertinent provision of the will reads as follows:
"I appoint Dudley Yoedicke as executor of my estate, with full seizin and without bond, and do also appoint him as attorney for my estate."
In connection with the first contention, that the attorney named in the will who is also handling the succession is not entitled to attorney's fees in addition to an executor's fee, the opponents argue there exists no entitlement to attorney's fees, in this instance, in the absence of an express provision in the will that the attorney be paid both fees. Opponents point out that *723 the will does not contain any provision for the payment of both fees. Reliance for opponents' position is primarily placed upon a line of cases including Baldwin's Executor v. Carleton, 15 La. 394 (1840); Succession of Key, 5 La.Ann. 567 (1850); City of New Orleans v. City of Baltimore, 15 La.Ann. 625 (1860); Succession of Sprowl, 21 La.Ann. 544 (1869); Succession of Liles, Sr., 24 La.Ann. 490 (1872); and a dissent in Succession of Houssiere, 247 La. 764, 174 So.2d 521 (1965). According to opponents, this line of cases holds that an executor who is also an attorney will not be allowed to charge for his services as an attorney.
We find no argument with the cited decisions, however, they are not applicable to our case. In the cited cases, unlike the instant case, the attorney was not designated or named in the will. More applicable to our situation is Rivet v. Battistella, 167 La. 766, 120 So. 289 (1929) in which the Supreme Court recognized the validity of the designation of an attorney in a will and the attorney's entitlement to a fee. See also Succession of Rembert, 199 La. 743, 7 So.2d 40 (1942) and Succession of Falgout, 279 So.2d 679 (La.1973).
In Succession of Michel, 225 So.2d 480 (La.App. 4th Cir. 1969), a case where an attorney was named as coexecutor and coattorney of the estate, we permitted the designated attorney and executor to receive both fees. We recognize that Michel may be factually distinguished in that the court in Michel concluded the testator by the use of "fees" in the plural intended that the named individual would receive both fees and the will in our case does not contain a reference to payment of both fees. Nevertheless, in the instant case, the attorney is named both as executor and attorney for the estate and though the testament does not contain the word "fees" as in Michel, we hold that the designated attorney is entitled to attorney's fees, although he is named as the executor.
We consider, however, the attorney's fee in the sum of $15,000.00 in the instant case to be excessive. This fee, together with the anticipated executor's fee of $8,965.19,[2] which will presumably be charged at a future date, will result in total fees to the named attorney in the amount of $23,965.19. The net estate, exclusive of this combined fee, is $188,382.32. Furthermore, the record indicates that estate tax in the amount of $21,930.65 is owed. Under the circumstances, we conclude the $23,965.19 figure is excessive when the value of the estate and the duplication of effort of the attorney-executor are considered. As pointed out by the opponents, an individual serving in both capacities as executor and as attorney for the estate in many instances performs both functions at once and is not entitled to collect duplicate fees. Accordingly, we consider $7,500.00 to be a reasonable amount for attorney's fees in this case.
We reject the opponents' argument raised in this appeal that the value of the stock included in the descriptive list is inflated. LSA-C.C.P. art. 3137, in pertinent part, provides:
"The descriptive list of succession property authorized by Article 3136 shall be accepted as prima facie proof of all matters shown therein, unless amended or traversed successfully."
Until such time as the value placed on the property as included in the descriptive list is successfully traversed, the descriptive list is accepted as prima facie proof of its correctness. We find no motion to traverse in the record. Presumably, upon the filing of a contradictory motion in the trial court to traverse the descriptive list, this issue would be resolved at the contradictory hearing below. We do not pass on the evaluation of the stock issue here, because to do so would circumvent the provisions of LSA-C.C.P. art. 3137 and usurp the authority and responsibility of the trial court. This issue was not passed upon in the trial court because no motion to traverse had *724 been filed. The judgment appealed from does not include any order relating to the evaluation of the stock.
Accordingly, the tableau of distribution is amended to the extent of reducing the $15,000.00 attorney's fee to the sum of $7,500.00. As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] In the annual account and tableau of distribution, the assets of the gross estate total the sum of $384,342.65. Included in this amount is the value of decedent's interest in 124,340 shares of stock of Ingram Corporation, totalling the sum of $108,516.17. This evaluation was placed on decedent's interest in the stock as set forth in the descriptive list filed in the succession.

In the annual account and tableau, listed as a liability, is the same $108,516.17 figure which appears in the account as a reserve for liability because of the refusal of Ingram Corporation to transfer the stock to decedent's husband, William J. Benton, who was judicially separated from decedent, and to the estate of the decedent as a result of litigation pending in which the Ingram Corporation has asserted a claim against William J. Benton in the sum of $8,837,371.72.
The value of the stock as it appears in the descriptive list is in accordance with a purported agreement between the testamentary executor and the Ingram Corporation in which the estate agreed to transfer the 124,340 shares of Ingram stock to the corporation in consideration of the payment to the succession of the sum of $108,516.17. The court granted authority in the succession proceedings to the executor to execute the agreement between Ingram and the estate, which included the stock transfer. Included in the record is a letter from the attorney for the corporation directed to the testamentary executor in which the executor is advised that the purported agreement (transferring the stock to the corporation) could not be consummated until after the conclusion of pending criminal proceedings against the Ingrams.
[2] LSA-C.C.P. art. 3351 provides that an executor is entitled to compensation at the rate of 2½% of the amount of the inventory.