420 So.2d 755 (1982)
Joseph MASCARO
v.
Leo DAVIS, Glazer Steel Corporation and Liberty Mutual Insurance Company.
No. 13111.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1982.
Frederick P. Heisler, New Orleans, for plaintiff-appellant.
Bruce J. Borrello, Metairie, for defendants-appellants.
Before REDMANN, LOBRANO and WARD, JJ.
WARD, Judge.
The issue in this appeal is a factual finding of the District Court Judge that was adverse to the plaintiff, Joseph Mascaro. Mascaro brought suit in the District Court asking for damages for injuries he sustained when the van he was driving collided with a tractor trailer truck, owned by Glazer Steel and operated by Leo Davis. After trial, the District Judge found Mascaro *756 "contributed to the accident," meaning he found Mascaro was contributorily negligent, and "dismissed" his action. Joseph Mascaro now appeals that finding of fact.
The accident occurred at the intersection of North Claiborne Avenue and Lizardi Streets in New Orleans on February 23, 1979, at approximately 4:30 p.m. Joseph Mascaro was driving his Ford van on North Claiborne Avenue and travelling towards Canal Street. As Mascaro approached the intersection of North Claiborne and Lizardi Street, Leo Davis, driving the large tractor trailer truck, pulled out from Lizardi and made a right turn onto North Claiborne. Mascaro attempted to stop, but because it had been raining off and on that day, the streets were wet, and his van skidded and struck the truck.
Mascaro and Davis have different explanations for the accident. Mascaro testified that as he was approaching the intersection on North Claiborne, the favored street, he observed the truck also approaching from his right on Lizardi Street. Mascaro claimed that instead of stopping at the stop sign, the truck continued into the intersection. He explained in his testimony that when this occurred he was doing about thirty miles per hour and was approximately fifty feet from the intersection and because the streets were wet, he was unable to stop his van to avoid the accident. Leo Davis, on the other hand, testified that while driving the truck on Lizardi, he stopped for the stop sign at North Claiborne before he entered the intersection. After stopping, he stated, he saw the Ford van approaching, but it was in the left lane of traffic, nearest the median or neutral ground. He testified that he then entered the intersection, but swung his truck into the right lane, where he was forced to stop before clearing the intersection because traffic was backed up in front of him. He said that he then observed the Ford van attempting to pass the vehicle in front, that it "whipped" over into the right lane before it attempted to stop, and that it skidded on the wet street into the truck.
Although other witnesses testified for Mascaro, they gave conflicting testimony, even contradicting Mascaro, and the case comes down to an issue of credibility of witnesses. After hearing these varying accounts of the accident, the Trial Judge, without deciding whether defendant Davis was also negligent, found that Mascaro's "failure to maintain control at the very least contributed to the accident," and rendered judgment for the defendant and against plaintiff Mascaro.
The applicable standard of review requires that we give great weight to the factual conclusions of the trier of fact, in this case the Trial Judge. In cases where there is conflict in the testimony, as here, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Based on the evidence presented to the Trial Judge, we find there was a reasonable factual basis for his findings. Further, the record as a whole establishes that the findings are not manifestly erroneous (clearly wrong).
Therefore, the judgment of the trial court is affirmed.