BYRNES, Judge.
Clyde G. McShan, previously appointed Testamentary Executor of the Succession of Pauline Campsen, Deborah McShan, and Sandra Cheffer (collectively “McShan”), appeal from the trial court’s decision granting Edward K. Pinner, attorney and Dative Testamentary Executor of Albert C. Camp-sen’s succession, a Petition to Pay Urgent Debts which consisted of attorney’s fees and executor fees totalling $6,608.31 plus the inheritance taxes. McShan also appeals the trial court’s decision denying his Motion for New Trial, and Motion to Determine Executor’s/Attorney’s Compensation. We affirm in part, and remand in part.
ASSIGNMENTS OF ERROR
Mr. McShan presents five assignments of error. Mr. McShan contends the trial court erred in: (1) removing Mr. McShan as Testamentary Executor without a contradictory hearing prior to the November 3, 1989 ruling; (2) rendering a Judgment of Possession for certain property in the Succession of Albert Campsen in the November 20, 1989 ruling; (3) failing to determine the fees due Mr. Pinner; (4) ordering a payment of an excessive fee to Mr. Pinner; and (5) denying Mr. McShan’s Motion for a New Trial from the November 3,1989 judgment. Mr. Pinner answers contending one assignment of error that: (6) the trial court erred denying the Rule for Sanctions against Mr. McShan, II.
*298 FACTS
Albert Campsen died on September 28, 1978. Pauline Campsen died on December 5, 1986. Both successions were opened on August 19, 1988. Mr. McShan and Valerie Lark qualified as Co-Executors of Ms. Campsen’s testate succession. Mr. Pinner qualified as Dative Testamentary Executor of Mr. Campsen’s testate succession. Mr. McShan had a Notary appointed to search for the will of Mr. Campsen.
Mr. McShan petitioned for a Judgment of Possession over Mr. Campsen’s Succession. A hearing was held on July 27, 1989. On August 25, 1989, Mr. Pinner filed a Descriptive List. Mr. McShan offered to pay Mr. Pinner from Mrs. Campsen’s succession. On August 28, 1989 Mr. Pinner requested $3,350.00 compensation for Executor's fee, and attorney’s fees. Mr. McShan refused to pay the request, but offered to pay Mr. Pinner $110.00 an hour for time spent on the Succession of Mr. Campsen. Mr. Pinner re-submitted his bill, with an itemized hourly report for 74.5 hours. Again Mr. McShan refused to pay Mr. Pin-ner. On September 5, 1989, Mr. Pinner filed an Amended Sworn Descriptive List, adding funds of $55,612.13 to Mr. Camp-sen’s Succession. Mr. McShan filed a Motion to Traverse and a Rule to Determine Executor’s/Attorney’s Compensation. This motion was denied by the court on December 15, 1989. The court granted Mr. Pin-ner’s Motion of Possession on November 3, 1989. On November 20, 1989 the court granted Mr. Pinner’s Motion to Pay Urgent Debts for Executor/Attorney fees in the amount of $6,530.61 plus inheritance taxes of $1,095.19.
Mr. McShan appeals the rulings of the trial court. Also, he appeals from the February 5, judgment denying his Motion for a New Trial.
SCOPE AND COURSE
(1); (2). Mr. McShan contends the trial court erred by removing him as Testamentary Executor on November 3, 1989. Also, he contends the trial court erred in rendering a Judgment of Possession for property in the Succession of Albert Campsen not belonging there. The determinations of the trial court must be entitled great weight. Succession of Godefroy, 428 So.2d 550 (La.App. 4th Cir.1983); Mascaro v. Davis, 420 So.2d 755 (La.App. 4th Cir.1982). The trial court’s determination to remove Mr. McShan as Testamentary Executor and rendering a Judgment of Possession was partly based upon Mr. McShan’s handling of the Security Homestead account, number 56-010800-1. The Security Account was opened by Mrs. Campsen April 1, 1985, with a balance of $18,493.24. When Mr. Pinner discovered the account, it contained $55,612.13, as of August 8, 1989. Mr. Pinner contends that some part of the Security Homestead account funds came from a Whitney National Bank account, number 111-29-079-969 jointly held by both Mr. and Mrs. Campsen, thus part of their community property regime. The Whitney account had been closed on February 17, 1982 by Mrs. Camp-sen. Thus, Mr. Pinner contended that Mr. Campsen’s succession had a value greater than just his community property portion of the property on Dreux Avenue.
Louisiana Civil Code Art. 2340 states that:
Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property.
Code of Civil Procedure Art. 3137 states that:
The descriptive list of succession property authorized by Article 3136 shall be accepted as prima facie proof of all matters therein, unless amended or traversed successfully.
An interested person may traverse this list upon contradictory motion. Id. However, Mr. McShan did not offer the trial court substantive proof that none of the Security account funds came from the funds of the Whitney account. Instead, Mr. McShan contends that since the Security account was opened after the death of Mr. Camp-sen, the funds were solely the property of Mrs. Campsen.
*299 The trial court, without alternative contradictory evidence, had to presume that some part of the Security account funds originated from the Whitney joint account, thus a portion belonged in the Succession of Albert Campsen. La.C.C. Art. 2340. However, not all of the Security account could have come from the Whitney account. Mr. Pinner cites the Succession of Benton, 354 So.2d 721 (La.App. 4th Cir.1978), as requiring this court not to disturb the descriptive list of the Succession of Albert Campsen “because to do so would circumvent the provisions of LSA-C.C.P. Art. 3137 and usurp the authority and responsibility of the trial court.” Thus, we remand to the trial court the question as to what portion of the Security account originated from the Whitney account at the time of Mr. Campsen’s death, and to amend the sworn descriptive lists accordingly.
The trial court partly based its decision to remove Mr. McShan as Testamentary Executor of Mrs. Campsen’s succession upon the incidents surrounding the Successions of Mr. and Mrs. Campsen. In the judgment of July 27, 1989, the trial judge ordered Mr. McShan to:
“immediately file a sworn descriptive list here in showing the property comprising the estate of the late Pauline H. Camp-sen and the fair market value of said property on the date of death and the source of any funds, that is whether or not any of said funds were in existence on the date of death of the late Albert C. Campsen, ...”
Mr. McShan did not comply with this order until reordered to comply immediately within five days of October 27, 1989. The trial court partly based the decision for removal upon Mr. McShan’s discouraging acts toward Mr. Pinner. Mr. McShan offered twice to compensate Mr. Pinner and then refused upon receipt of the bill. Mr. McShan refused to compensate Mr. Pinner five percent of the Succession of Mr. Camp-sen, the same percent of Mrs. Campsen’s estate Mr. McShan was compensating his legal representation, not including the two and one half percent he was compensating himself as Executor. Mr. McShan then refused to execute his offer for $110.00 an hour to Mr. Pinner, upon receipt of Mr. Pinner’s hourly itemized bill for 74.5 hours. Although Mr. McShan was compensating himself $2,837.50 (2¾⅛%) and his attorney $5,675.00 (5%), he denied Mr. Pinner a much smaller fee of Mr. Campsen’s succession. Also, the trial, court observed that Mr. McShan in three years had not opened a succession account. Thus the record reflects the trial court did not abuse its discretion in removing Mr. McShan.
(3); (4). Mr. McShan contends the trial court erred in failing to determine the fees due Mr. Pinner, and erred in ordering excessive fees to Mr. Pinner. We do not find the trial court failed to determine the fees due Mr. Pinner. However, we remand to the trial court the question as to what amount of fees were actually due Mr. Pin-ner consistent with the issue of assignment (2). In the Judgment of July 27, 1989, Mr. McShan offered in open court to pay Mr. Pinner all the privileged judicial charges of Mr. Campsen’s succession, which had no available cash assets, from the available cash assets of Mrs. Campsen’s succession. Mr. Pinner, accepting the offer, and in compliance with the judgment, sent Mr. McShan a bill for administration, executor’s fees, court costs, and attorney fees of $3,350.00 based off a sworn descriptive list filed August 25, 1989 assessing Mr. Camp-sen’s estate at $60,500. However, Mr. McShan refused to pay the bill. Later Mr. McShan offered to compensate Mr. Pinner $110.00 an hour for his services. Mr. Pin-ner submitted a bill in compliance with that offer, itemizing 74.5 hours spent. The hours reflect the time spent in dispute with Mr. McShan. Thus this second bill was a consequence of Mr. McShan’s decision. After Mr. Pinner discovered the Security account, Mr. McShan was removed as Executor. Mr. Pinner subsequently filed an Amended Sworn Descriptive List for Mr. Campsen’s succession. The new executor of Mrs. Campsen’s succession, under signature of the trial court, compensated Mr. Pinner $6,530.61 on a value of $115,612.13 for Mr. Campsen’s estate, which included the total Security account funds. However, since the trial court will determine *300 what funds belong to Mr. Campsen’s succession on remand, the value of the estate will fall, as will the actual compensation due Mr. Pinner. Mr. Pinner must then return the difference to the executor of Mrs. Campsen’s succession.
(5). Mr. McShan contends the trial court erred in denying his Motion for a New Trial. In assignments (1) and (2) we found that the trial court did neither err in granting the Judgment of Possession, though it needs amending, nor in removing Mr. McShan as Testamentary Executor. If the trial court determines that the Judgment of Possession needs to be amended by a substantial amount, then the trial court should reconsider its Judgment removing Mr. McShan as Testamentary Executor, since the handling of the Security account was the major cause in his removal.
(6). Mr. Pinner contends the trial court erred in denying his Rule for Sanctions against Mr. McShan, II. In consideration of assignment (5), and because the trial courts finding must be entitled great weight, we do not find that the trial court erred in denying the Rule for Sanctions. Succession of Godefrey, id. Thus, this assignment has no merit.
CONCLUSION
For the foregoing reasons, this case is remanded for the trial court to determine what portion of the Security account funds belong in each succession. Based on the re-distribution of funds, Mr. Pinner’s compensation should be adjusted to reflect the new value of Mr. Campsen’s succession, with any excess being returned to the executor of Mrs. Campsen’s succession. If the trial court determines a substantial change in the distribution of funds between the Successions, it should reconsider its removal of Mr. McShan as Testamentary Executor of Mrs. Campsen’s succession.
AFFIRMED IN PART, REMANDED IN PART.
ARMSTRONG, J., dissents in part.