BYRNES, Judge.
John Harvey Toyota, a potential Toyota dealership, and Gulf States Toyota, a regional distributorship, intervenors-defen-dants, appeal the trial court’s decision in favor of Yokem Toyota, a dealership, enjoining the Motor Vehicle Commission from issuing a license to John Harvey Toyota. We affirm in part and remand.
On January 17, 1991, the Louisiana Motor Vehicle Commission (the “Commission”) issued notice by certified mail to Yokem Toyota (“Yokem”), a Toyota automobile dealership in Shreveport, that the Commission had received an application from John Harvey (“Harvey”) for a new Toyota dealership license. The Harvey dealership would be located in Bossier City, within Yokem’s dealership region. Notice was sent pursuant to 32:1254(F)(1), which requires that dealerships within the same community or territory in which the applicant proposes to conduct a business should be provided with notice of that application. Those dealerships have a fifteen day period to object to the application. The certified letter receipt was returned signed on January 19, 1991. In a letter postmarked January 31, 1991, Yokem sent an objection to the Commission regarding Harvey’s application; however, that objection was not received until February 6, 1991.
On February 5, 1991, the Commission sent notification of its intent to issue a license to Harvey Toyota. On February 6, 1991, the Commission acknowledged receipt of Yokem’s objection. On the same day, the Commission informed Yokem by telephone that the objection had been received untimely. Yokem responded to the Commission with a letter seeking review of the issue of timeliness, and alternatively, seeking a hearing to discern the public interest of maintaining another Toyota dealership in the same region. On February 14, 1991, the Commission informed Yokem that the decision to ignore the objection, having been reviewed, would stand.
Yokem filed a petition for a temporary restraining order, for a writ of preliminary injunction, for injunctive relief, and for a writ of mandamus, in civil district court. On February 15, 1991, the temporary restraining order was granted and Yokem posted a $500.00 bond. Before the hearing on the preliminary injunction, Gulf States Toyota (“Gulf States”), the regional distributor, and Harvey, intervened as defendants. On March 11, 1991, the trial court granted the preliminary injunction against the Commission from issuing a license to Harvey without holding a hearing in compliance with La.R.S. 32:1254(F)(3). The trial court concluded that La.R.S. 32:1254(F)(2) did not require a “written” objection, and that Yokem’s oral objection was timely. Also the trial court concluded that Yokem’s written objection was mailed timely on January 31. From that decision, defendants appeal.
ASSIGNMENTS OF ERROR
The defendant Harvey contends that the trial court erred in finding that the protest lodged to the Commission by Yokem was timely where the objection received within fifteen days was not written. The written objection was not received within fifteen days. Also, Harvey contends that the trial *1194 court erred in reviewing issues not reviewed by the Commission.
The defendant Gulf States contends that the trial court erred in granting the preliminary injunction because Yokem did not show it would suffer irreparable harm nor did Yokem make a prima facie showing that it would succeed on the merits of its case, as required by Louisiana jurisprudence.
Harvey’s contention that the trial court erred in finding that Yokem’s objection lodged to the Commission was timely is without merit. Harvey contends the protest could not be oral, because R.S. 32:1254(F)(2) requires a written objection. Harvey further asserts that the written objection must be received within the fifteen day prescriptive period. Harvey argues that Yokem’s written objection was only mailed within that period, and not received; thus the objection could not be accepted by the Commission.
Louisiana R.S. 32:1254(F)(2) states:
Any such dealership wishing to object to the granting of a license must do so within fifteen days after receipt of the notice. Said fifteen day objection period shall be waived upon written notification to the Commission from all licenses entitled to said notice of intent, that said licenses have no objections to the proposed change or addition for which said notice of intent was issued. [Emphasis added.]
Laws on the same subject matter must be interpreted in reference to each other. La. C.C. Art. 13. Yokem cites several instances when the legislative, in the Distribution and Sale of Motor Vehicles statutes, specifically included “written” as the requirement for notice, in contrast to omitting a written requirement of notice in other situations. See La.R.S. 32:1254(E); (F)(2); (N)(6)(o). In La.R.S. 32:1254(N)(6)(m) the legislature twice included the requirement of “written” notification. This Court must assume in light of these statutes, and the specificity of the notice requirements in La.R.S. 32:1254(N)(6)(m), that the legislature understood the meaning and effect of words used in the statutes. Clark v. Board of Com’rs, Port of New Orleans, 422 So.2d 247 (La.App. 4th Cir.1982). The legislature remained silent in La.R.S. 32:1254(F)(2) as to the notification requirement in the first sentence, but included a requirement for written notification in the second sentence, in contrast to including the requirement for written notification in both situations in La.R.S. 32:1254(N)(6)(m). This Court must apply the statute as it is written, since the application does not lead to absurd consequences. La.C.C. Art. 9. The trial court properly ruled that the statute did not require a “written” objection.
Harvey contends that even if the statute does not require written notice through legislative authority, the internal policy of the Commission requires it. “The sources of law are legislation and custom.” La.C.C. Art. 1. (Emphasis added.) However, as in all codified systems, legislation is the superior source of the law in Louisiana. La.C.C. 1. comment (a). Harvey stated that for thirty-one years the Commission has had a “written” custom requirement for objections, and that those objections had to be “received” within fifteen days. In its Reasons for Judgment, the trial court, having considered the affidavits and exhibits, did not find the Commission to have any internal rules which required a “written” requirement for the objection under La.R.S. 32:1254(F)(2). The Commission does specifically require “written” objections in some circumstances, which are provided in the Louisiana Administrative Code, including sections 46:V.301 and 46:V.305. Executive Director of the Commission, Ms. Dodd, stated in her deposition that she did not consider a “written” requirement for the statute to be Commission policy, but rather part of the statute requirement itself, “even though it doesn’t say written.” Also, the notice letter sent to Yokem does not state any internal policy of the necessity for a “written” objection, but instead states an objection must be filed pursuant to La.R.S. 32:1254(F)(2).
This Court gives great weight to the factual conclusions of the trier of fact, in this case the trial judge. Mascaro v. Davis, 420 So.2d 755 (La.App. 4th Cir. *1195 1982). Based on a review of the depositions and exhibits, the trial court could reasonably find the Commission did not have a promulgated custom so as to create a legal requirement for an objection in “written” form. Also, the recorded statutory procedure of the Commission in the Louisiana Administrative Code is silent as to form requirements for the objection in this circumstance, while requiring specific forms in others. The trial court properly concluded that the evidence failed to show that the Commission’s internal policy required that an objection to a dealership license must be in writing.
The Executive Director of the Commission stated that Yokem orally objected to Harvey’s application, though she did not consider the objection proper. Considering the above finding in support of the trial court’s determination, the oral objection was in proper form. The oral objection heard on January 31, 1991 was within the fifteen day prescriptive period. Since the oral objection was proper and within the fifteen day period, this Court need not address Harvey’s contention that the letter sent on January 31, 1991, confirming the objection, did not meet the fifteen day requirement. Thus, the contention of a “written” requirement has no merit, while the contention concerning the reception of the mailed objection is moot.
Harvey, referring to La.R.S. 32:1256(E)(2), contends that the trial court erred in considering any of Yokem’s issues other than whether the mailbox rule applies to the receipt of the protest. Louisiana R.S. 32:1256(E)(2) states that the appeal to Civil District Court in Orleans Parish shall be restricted to the record as heard by the Commission and that nothing therein limits the authority of the court to grant such relief as the circumstances require. This statutory paragraph does not stand alone but refers to the preceding paragraph, La.R.S. 1256(E)(1), concerning the Commission’s decision to grant or revoke a license, or impose a civil penalty. The exhibits and the depositions concerning the substance of the conversations between the parties were in the record of the Commission. The trial court did not abuse its discretion in hearing Yokem’s contentions, reviewing the evidence, and granting relief as the circumstances required such a hearing concerning the appropriateness of an oral objection. Thus this contention had no merit.
Gulf States, with Harvey joining, contend that the trial court erred in granting Yokem’s request for preliminary injunction because: (1) Yokem did not show that it would suffer irreparable harm; and (2) Yokem did not provide a showing that it would succeed on the merits of the case, as required by Louisiana jurisprudence. La. C.C.P. Art. 3601; Pogo Producing Co. v. United Gas Pipeline Co., 511 So.2d 809 (La.App. 4th Cir.1987), writ denied 514 So.2d 1164 (La.1987). In its Reasons for Judgment, the trial court states that:
“The function of the Commission is to protect Louisiana automobile dealers from unfair treatment by automobile manufacturers.... This Court finds that for the Commission to deny a hearing on an objection timely filed by a dealer is in derogation of that dealer’s rights.”
Also, the legislature stated that the Distribution and Sale of Motor Vehicles statutes were promulgated to protect the public. La.R.S. 32:1251. Louisiana R.S. 32:1254(F)(3) states that “The Commission must hold a hearing, within thirty days after receipt of the objection.” (Emphasis added.) Given the trial court’s ruling that the Commission must hold a hearing to comply with the pertinent statutes, failure to hold a hearing would violate the due process rights of Yokem, and go against public policy, thus causing irreparable harm under Louisiana jurisprudence. Because the Commission cannot issue a valid license without complying with statute 32:1254(F)(3), this Court need not consider the issue of the preliminary injunction. The contentions of Gulf States and Harvey are moot. Therefore, this Court remands this case to the trial court so that it may order the Commission to comply with La. R.S. 32:1254(F)(3) by setting a hearing on the merits concerning the propriety of is *1196 suance of a dealership license within thirty days after the trial court's order.
In conclusion, this Court finds that the trial court did not err in ruling that Yok-em’s oral objection is acceptable and timely. This Court remands this case to the trial court so that it may order the Commission to comply with the La.R.S. 32:1254(F)(3) and this decision. For the foregoing reasons, we affirm and remand.
AFFIRMED IN PART AND REMANDED.