BYRNES, Judge.
James Davies appeals from the decision of the trial court that denied him, upon his termination as Used Car Manager of Gar-rard Chevrolet, Inc., a percentage of the notes receivable under Garrard’s Tote-A-Note program. We affirm.
Mr. Davies was employed by Garrard Chevrolet, Inc., (“Garrard”) since 1978, holding different positions in the corporation. In April, 1988, Mr. Davies became Manager of the Used Car Department. Mr. Davies’ compensation consisted of a base salary of $1,000 a month and 25 percent of the net monthly profits generated by the Used Car department. The net monthly profits were a before tax culmination of all gross profit items lumped together, minus expenses. The gross profit items included the sales of used cars and used trucks, profit or loss from wholesale sales, financing insurance credit, and the payments from the Tote-A-Note program.
The Tote-A-Note program was instituted by Mr. Davies and/or Jim Diamond, the General Sales Manager. The program required a down payment from the purchaser, which covered the cost of the vehicle to Garrard. Garrard then self-financed the remaining amount, which represented its net profit for the car. The purchaser would usually make bi-monthly payments, and these payments would go into the monthly gross profits of the Used Car department. Mr. Davies testified that Gar-rard had approximately a ninety percent collection rate. If a purchaser fell delinquent in the payments, the sales person would attempt collection followed by the manager of the department. If both were unsuccessful, Garrard would use a private collection agency.
On June 22, 1989, after fourteen months as Manager of the Used Car Department, Mr. Davies was terminated by Garrard. Mr. Davies sought compensation of $22,-670.86 from Garrard, based on 25 percent of the net profits of the Tote-A-Note program outstanding on the books. Mr. Gar-rard, owner of Garrard, refused Mr. Davies’ request because Mr. Davies’ salary was not based upon a percentage of the sale of a particular vehicle, like a sales person, but was instead based upon the net profits of the entire department. Mr. Davies brought suit. On September 13, 1990, the trial court in a non jury trial heard testimony, and in open court gave its reasons for denying Mr. Davies’ claim. On September *1342 17, 1990 the trial court rendered its judgment. From that judgment, Mr. Davies appeals.
ASSIGNMENT OF ERRORS
Mr. Davies contends the trial court erred in not finding Garrard owed him compensation in the amount of 25 percent of the uncollected notes of the Tote-A-Note program. Mr. Davies bases his contention on La.C.C. article 1846, and the theory of unjust enrichment. Also, Mr. Davies contends he is entitled to damages and attorney’s fees pursuant to La.R.S.23:632. The issue of this case is whether Mr. Davies is entitled to be compensated on the notes due to Garrard from the Tote-A-Note program purchases of used cars. In its Reasons for Judgment stated in open court, after hearing the testimony, the trial court concluded:
"... I’m convinced from all of the evidence that the credits from the Tote-A-Note program would have been one of the elements of the gross profits received by the company and by the used car department and that the expenses of the business would be deducted from these gross profits that related to the sales and financing, including the Tote-A-Note program, and that Mr. Davies’ commission of 25 percent of the net profit would be based on the total amount collected for that particular month. I’m convinced from all of the evidence that the suit for a percentage of the $120,911.28 is without merit for the reason that the $120,911.28 were simply notes receivable or promissory notes on the books of the corporation on the date of Mr. Davies’ termination, namely, June 22, 1989, that there was no agreement between the parties that Mr. Davies would share any percentage of the amounts collected on those promissory notes after the date of termination, and for that reason the court will render judgment in favor of the defendant.” [Emphasis added.]
Article 1846 states in pertinent part:
“If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.”
In Fox v. Don Siebarth Pontiac, Inc., 458 So.2d 575, 577 (La.App. 3rd Cir.1984), writ denied 461 So.2d 314 (La.1984), the appellate court stated:
“In a suit to recover additional wages in excess of $500 under an oral contract of employment the basic rule governing proof is Civil Code art. 2277 (new article 1846), which requires the plaintiff prove his case by one credible witness “and other corroborating circumstances.” ... Whether the evidence offered by plaintiff corroborates his claim is a finding to be made by the trier of fact, and is not subject to reversal unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Taunton v. Cane Air, Inc., 405 So.2d 624 (La.App. 3rd Cir.1981).”
Absent a showing that the trial court’s factual findings are manifestly erroneous, this court will accept them. Virgil v. American Guarantee and Liability Ins. Co., 507 So.2d 825, 826 (La.1987); Mascaro v. Davis, 420 So.2d 755 (La.App. 4th Cir.1982). The trial court concluded that the Tote-A-Note program was but one element of several elements that composed the Used Car Department’s net profit figure from which Mr. Davies’ compensation was computed. Mr. Garrard’s testimony reflects that Mr. Davies received a different type of compensation than the sales persons beneath him. The sales persons received 25 percent of the gross profit for each car sold by him or her. This 25 percent was paid to the sales person dependent upon the collection of the amount from the purchaser, usually on a monthly basis due to financing, minus any collection fees.
This monthly collected amount’s percentage was paid to the salesperson even after termination. This amount was not dependent upon any other costs of Garrard. Some of the amount came from used cars sold in the Tote-A-Note program. Mr. Davies’ position as Manager of the Used Car Department was compensated based on the *1343 net profits of his department, computed on a monthly basis. The Tote-A-Note program was one of four elements which composed the department’s gross profit, not including the department’s expenses. After expenses were subtracted the department had a net profit or net loss figure. Mr. Garrard testified that while the Tote-A-Note program could be profitable in a given month, the department could record a net loss that month. Thus Mr. Davies would receive no percentage compensation that month, while a salesperson would receive 25 percent of any amount collected from their car purchasers.
Mr. Davies has not shown this court that the trial court’s findings, based on the record, were manifestly erroneous. The trial court’s conclusions can be reasonably deduced from the testimony at the trial from Mr. Garrard and Mr. Martin. Therefore, the plaintiff failed to meet the burden of Civil Code article 1846. Since the trial court did not err in concluding no compensation was contemplated due to Mr. Davies after termination as manager, besides the amount paid by Garrard already, Mr. Davies does not have a claim for unjust enrichment. Finally, as Mr. Davies was owed nothing in addition by Garrard, following termination, he cannot avail himself of La. R.S. 23:632.
For the foregoing reasons, we affirm the trial court's decision.
AFFIRMED