# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### NO. 2022 CA 1232

### IN THE MATTER OF
### THE SUCCESSION OF WAYNE EDMOND BREEN

*consolidated with*

### NO. 2022 CA 1233

### DOCTORS FOR WOMEN MEDICAL CENTER, LLC, CRAIG M. LANDWEIR MD, LLC, AND CRAIG M. LANDWEIR, MD, IN HIS CAPACITY AS A TRUSTEE OF THE DOCTORS FOR WOMEN MEDICAL CENTER, LLC, PROFIT SHARING PLAN AND TRUST

### VERSUS

### PATRICK VERNON BREEN, RYAN MICHAEL BREEN, DEVON THOMAS BREEN, BRIDGET BREEN DUNBAR, SEAN MICHAEL BREEN, KACIE BREEN, INDIVIDUALLY AND IN HER CAPACITY AS TUTOR OF THE MINOR CHILD AIDEN BREEN, HUB INTERNATIONAL GULF SOUTH LIMITED, A DIVISION OF HUB INTERNATIONAL MIDWEST LIMITED, MERRILL LYNCH, FENNER AND SMITH, INC., AND WAYNE E. BREEN MD, LLC

Judgment Rendered:     **JUL 1 0 2023**

\* \* \* \* \*

Appealed from the
22nd Judicial District Court
Parish of St. Tammany, State of Louisiana
No. 2015-30176 c/w 2015-12925

The Honorable Scott Gardner, Judge Presiding

\* \* \* \* \*

Richard Ducote
Covington, Louisiana

David S. Daly
Elliot M. Lonker
New Orleans, Louisiana

Attorney for Appellant,
Kacie M. Breen

Attorney for Appellee,
Alyce B. Landry

\* \* \* \* \*

BEFORE:  GUIDRY, C.J., WOLFE AND MILLER, JJ.

2

**WOLFE, J.**

Kacie M. Breen appeals the March 14, 2017 judgment of the trial court that ordered payment of fees and expenses to the independent administrator of the estate of her late husband, Dr. Wayne Edmond Breen. We affirm.

## FACTS AND PROCEDURAL HISTORY

This is the third appeal of this judgment and one of many appeals that have arisen from the death of Dr. Breen, who Kacie fatally shot on March 1, 2015. See **Matter of Breen**, 2021-0802 (La. App. 1st Cir. 6/3/22), 2022 WL 1816275 (unpublished); **Matter of Succession of Breen**, 2018-0002 (La. App. 1st Cir. 12/13/18), 2018 WL 6567356 (unpublished), writ denied, 2019-0292 (La. 4/8/19), 267 So.3d 617. Kacie maintains that she acted in self-defense and has never been arrested, charged, indicted, or prosecuted for Dr. Breen's death. Dr. Breen was survived by Kacie, their minor son, five adult children from a previous marriage (the adult Breen children), and an adult son born of another relationship.

Kacie instituted this succession proceeding on March 6, 2015. From the beginning, Kacie and the adult Breen children bitterly disputed the legal ramifications of Kacie killing Dr. Breen. In April 2015, the trial court appointed Kacie and Dr. Breen's son-in-law as co-provisional administrators of the succession. The following month, Kacie filed a petition to probate Dr. Breen's last will and testament and requested that she be named independent executrix according to its terms. The adult Breen children challenged the validity of the will and contested the appointment of Kacie as executrix of the succession.

In light of the animosity between them and the complexity of the arising legal issues, Kacie and the adult Breen children agreed to the appointment of an independent administrator who had no prior personal or professional relationship with Dr. Breen, Kacie, or Dr. Breen's children. With the consent of the parties, the trial court appointed Alyce B. Landry, a licensed Louisiana attorney and certified

3

public accountant (CPA), as independent administrator of the succession. Ms. Landry's engagement letter set forth the parties' agreement to her hourly fees and that of her support staff, and the parties' agreement that they would not contest the billing and payment of invoices. Ms. Landry took her oath of independent administrator on August 5, 2015. The next month, the trial court allowed Barbara Lane Irwin to enroll as counsel for Ms. Landry.

The record reflects that soon after Ms. Landry's appointment, she and Kacie were at odds, with Kacie accusing Ms. Landry of unprofessional conduct and failing to pay certain expenses, and Ms. Landry contending that Kacie failed to comply with certain requests. In April 2016, Kacie filed a motion to remove Ms. Landry as independent administrator, claiming Ms. Landry had failed to fulfill her duties of collecting, preserving, and managing the property of the succession in accordance with law. The hearing on the motion was continued until Kacie renewed the motion and added allegations that Ms. Landry had "teamed up with Dr. Breen's adult children" to prove her liable for Dr. Breen's death, despite law enforcement's investigation and conclusion that she acted in self-defense.

On October 20, 2016, Ms. Landry filed an interim accounting, which listed $118,558.32 in outstanding fees due to herself and Ms. Irwin. On the same date, the trial court conducted a lengthy hearing on several matters, including Kacie's motion to remove Ms. Landry as independent administrator. Kacie's attorney called Ms. Landry as a witness to testify about her actions as administrator and questioned Ms. Landry about the outstanding administrator and attorney fees reflected in the accounting. During her testimony, Ms. Landry explained that working on this succession, which included involvement in multiple lawsuits, was "really ... a full-time job," for which she had not been paid. Kacie also testified, expressing that she did not believe Ms. Landry had earned the fee amount reflected in the accounting and arguing that there was no rational relationship between Ms. Landry's billing and

4

any benefit to the estate. Kacie's attorney further argued that it was not prudent administration of the estate for Ms. Landry to retain counsel and questioned the attorney fees due to Ms. Irwin's firm that were reflected in the accounting. At the conclusion of the hearing, the trial court denied the motion to remove Ms. Landry, specifically finding "that starting over with another independent administrator would solve none of the problems that seem to be imminent from this case, and would in fact set [the proceeding] back months, if not years, and thousands, if not tens or hundreds of thousands of dollars." At the trial court's direction, its finding was included in the November 9, 2016 judgment reflecting its ruling.

Soon thereafter, Ms. Landry filed a motion for the court to approve the previously filed interim accounting and specifically the payment of $118,558.32 in fees due to herself and Ms. Irwin through October 2016. Supporting billing invoices were attached. With leave of court, Ms. Landry thereafter supplemented the motion to add amounts billed through January 2017. In the motion, Ms. Landry also requested payment of a retainer to herself and her attorney in light of the complexity of the litigation, which she claimed was "exacerbated by the course of litigation taken by Kacie," and the refusal of the parties to cooperate with each other. Alternatively, Ms. Landry asked that she and her attorney be discharged from these proceedings, citing the "extraordinary" litigation surrounding the administration of the estate and its associated cost. Kacie opposed Ms. Landry's request for interim payment, claiming there was no rational relationship between the amounts billed and any benefit to the estate and, as a result, Ms. Landry's compensation should be limited to the baseline amount provided by law.

A hearing on Ms. Landry's motion to approve the interim accounting was held on January 19, 2017. At the hearing, Ms. Irwin identified the motion and attached supporting bills for the year-and-a-half that she and Ms. Landry had been involved in the succession. She then identified the seven other pending lawsuits connected to

5

Dr. Breen's death, which required litigation or monitoring. She further directed the court's attention to Ms. Landry's engagement letter, which expressed the parties' agreement that Ms. Landry's fees would be paid without contest. Both Ms. Landry and Ms. Irwin were sworn and testified to the authenticity and veracity of their billing records. However, Ms. Irwin stated they were offering no further testimony, as the purpose of the hearing was not to re-litigate the motion to remove Ms. Landry as independent administrator, which the trial court had recently denied.

Kacie's attorney objected to the evidence offered, disputed that the fees were reasonable and connected to the administration of the estate, and asked for the opportunity to cross-examine Ms. Landry. With regard to the agreement in the engagement letter that the fees would not be contested, Kacie's attorney suggested that any agreement to that effect as to fees "so out of proportion to any benefit to the estate" would clearly violate public policy.

After hearing from both sides, the trial court reminded the parties that it appointed an independent administrator after the provisional administrator and administratrix were unable to administer the estate successfully, and that someone who was not local was selected at Kacie's request. The trial court observed that "[b]ecause of the postures of the parties, as well as other dynamics in the case, the bills [were] substantial." The trial court then noted the parties' apparent agreement to pay the administrator's fees from the estate and recognized its responsibility to review the bills for reasonableness.

When Kacie's attorney again argued that he should be allowed to cross-examine Ms. Landry about her fees, the trial court assured him that in its estimation of reasonableness it would take into consideration whether there were expenses that did not benefit the estate. Kacie's attorney then took issue with Ms. Landry generating legal fees to participate in lawsuits pending in federal court that challenged Kacie's entitlement to retirement funds, where the estate had taken no

6

position that Kacie should be disqualified as a beneficiary. Continuing, Kacie's attorney again argued that Ms. Landry had not fulfilled her duties as independent administrator of the estate. The trial court denied the re-urged request by Kacie's attorney to call Ms. Landry for cross-examination about the bills offered in support of her requested fees and expenses.

After taking the matter under advisement, the trial court issued its March 14, 2017 judgment, ordering the payment of $115,675.82 in fees and expenses for the administration of the estate, which included amounts owed to both Ms. Landry and Ms. Irwin. In incorporated written reasons for judgment, the trial court explained that Ms. Landry's duties had "extended far beyond those anticipated in a simple succession." The trial court explained:

> During the course of her administration, [Ms. Landry] has had to monitor the progress of several highly contentious legal matters both in state and federal courts. The allegations in those matters put at issue the eventual disposition of the assets of the estate, despite the existence of [a will]. The assets, debts and ongoing obligations of the estate are still in dispute, as are the identity and legal basis of the competing claims and claimants to the estate.

The trial court found that the hourly rates and costs reflected in the invoices submitted in support of the motion were "reasonable under the circumstances," but reduced the total amount requested to exclude certain fees that it determined were not related to the duties of the independent administrator.

The trial court's judgment additionally granted Ms. Landry's request to be discharged as independent administrator, which the trial court explained was requested because of the highly contentious nature of these proceedings. However, on Kacie's motion, that portion of the judgment terminating Ms. Landry's

7

appointment was stayed pending a trial in one of the related federal court lawsuits.[1]

Following the rendition of judgment in the federal litigation, the trial court signed a judgment on November 13, 2017, which lifted the stay and terminated Ms. Landry's appointment effective October 26, 2017.

In May 2017 (while the termination of Ms. Landry's appointment was stayed), Kacie appealed the March 14, 2017 judgment's award of administrator and attorney fees to Ms. Landry. This court dismissed the first appeal for lack of appellate jurisdiction upon determining that the judgment was interlocutory and not appealable. **Matter of Succession of Breen**, 2018 WL 6567356 at *2-3. In April 2020, the trial court[2] designated the March 14, 2017 judgment as final pursuant to La. Code Civ. P. art. 1915(B)(1), and Kacie again attempted to appeal the March 14, 2017 judgment.[3] However, this court determined that appellate jurisdiction over the March 14, 2017 judgment was again lacking because the judgment was not specifically referenced in the order of appeal. As a result, this court dismissed Kacie's second appeal of the March 14, 2017 judgment and remanded the matter to the trial court with instructions that it issue a corrected order of appeal. **Matter of Breen**, 2022 WL 1816275 at *10. In accordance with this court's directive, the trial

---

[1]    The federal lawsuit involved two of Dr. Breen's life insurance policies that named Kacie as beneficiary. Ms. Landry, representing Dr. Breen's estate, was a party to the litigation and, with the adult Breen children, opposed Kacie's receipt of the life insurance proceeds. Following a trial, the federal district court rendered judgment in Kacie's favor, as claimant to the proceeds. **Pruco Life Ins. Co. v. Breen**, 289 F.Supp.3d 777, 798-99 (E.D. La. 2017), aff'd, 734 F.Appx. 302 (5th Cir. 2018) (*per curiam*).

[2]    The Honorable William Burris rendered the judgment that designated the March 14, 2017 judgment (that was rendered by the Honorable Scott Gardner) as final pursuant to La. Code Civ. P. art. 1915(B).

[3]    At the same time, Kacie appealed the trial court's April 27, 2020 judgment that granted Ms. Irwin's motion to pay as estate debts the outstanding balance of attorney fees and costs owed to Ms. Irwin's law firm, which was also designated as final pursuant to Article 1915(B). This court determined that the certification was proper, amended the judgment to reduce the amount awarded to the law firm, and affirmed the judgment as amended. **Matter of Breen**, 2022 WL 1816275 at *6 and 10. The fees awarded in the April 27, 2020 judgment were for work done while the judgment terminating Ms. Landry's appointment as independent administrator was stayed and did not include the amounts at issue in this appeal. See **Matter of Breen**, 2022 WL 1816275 at *4.

8

court issued a corrected order of appeal, specifically granting Kacie an appeal of the March 14, 2017 judgment that was designated as final pursuant to Article 1915(B)(1).[4]

## DISCUSSION

In her sole assignment of error, Kacie contends the trial court erred as a matter of law and abused its discretion in awarding Ms. Landry $115,675.82 in fees and expenses after denying her the opportunity to cross-examine Ms. Landry concerning the bills upon which the judgment was based.

This court previously recognized that the March 14, 2017 judgment awarded Ms. Landry an interim payment of independent administrator fees and attorney fees pursuant to La. Code Civ. P. art. 3351. **Matter of Succession of Breen**, 2018 WL 6567356 at *2; see also **Matter of Breen**, 2022 WL 1816275 at *3. Article 3351 provides:

> An executor shall be allowed as compensation for his services such reasonable amount as is provided in the testament in which he is appointed. An administrator for his services in administering a succession shall be allowed such reasonable amount as is provided by the agreement between the administrator and the surviving spouse, and all competent heirs or legatees of the deceased.
>
> In the absence of a provision in the testament or an agreement between the parties, the administrator or executor shall be allowed a sum equal to two and one-half percent of the amount of the inventory as compensation for his services in administering the succession. The court may increase the compensation upon a proper showing that the usual commission is inadequate.
>
> A provisional administrator or an administrator of a vacant succession shall be allowed fair and reasonable compensation by the court for his services.
>
> The compensation of a succession representative shall be due upon the homologation of his final account. The court may allow an

---

[4]     As an appellate court, we are obligated to determine whether the trial court properly designated the judgment as final pursuant to Article 1915 and to recognize any lack of jurisdiction if it exists. **Hernandez v. Excel Contractors, Inc.**, 2018-1091 (La. App. 1st Cir. 3/13/19), 275 So.3d 278, 285. After careful consideration, we find no abuse of the trial court's discretion in designating the March 14, 2017 judgment as final pursuant to Article 1915(B)(1). See **Matter of Breen**, 2022 WL 1816275 at *6 (likewise finding that the trial court did not abuse its discretion in designating the April 27, 2020 judgment as final pursuant to Article 1915(B)(1)).

9

administrator or executor an advance upon his compensation at any time during the administration.

As recognized in comment (h) of the official revision comments to Article 3351, there is no statutory provision for the forfeiture of compensation when the administrator has been guilty of maladministration. See **In re Succession of McCoy**, 2010-0453 (La. App. 1st Cir. 9/10/10), 2010 WL 3518067, *3 (unpublished). However, Louisiana jurisprudence recognizes that an administrator who has been guilty of gross negligence in handling the succession is not entitled to receive compensation. See **Succession of Touzanne**, 36 La. Ann. 420 (1884); **Succession of Liles**, 24 La. Ann. 490, 491 (1872); **Succession of McCoy**, 2010 WL 3518067 at *3. The forfeiture of compensation lies within the sound discretion of the court. See **Succession of Gandolfo**, 173 La. 190, 203, 136 So. 561, 565 (1931); **Succession of McCoy**, 2010 WL 3518067 at *3.

At the October 20, 2016 hearing, the trial court considered and rejected Kacie's attempt to remove Ms. Landry as administrator on the basis of Ms. Landry's alleged mismanagement of the estate. The trial court's ruling in that regard is not before us in this appeal. Thus, the record establishes that Ms. Landry was entitled to compensation as provided in Article 3351.

Article 3351 allows an administrator such reasonable compensation as provided by the agreement between the administrator, surviving spouse, and heirs or legatees of the deceased. In opposing Ms. Landry's request for interim payment, Kacie argued that Ms. Landry's requested fees and expenses were unreasonable, that there was no rational relationship between the amounts billed and any benefit to the estate, and that Ms. Landry's compensation should therefore be limited to two and one-half percent of the inventory provided as the baseline in Article 3351.

Our appellate review is limited to the designated record before us. Even so, the record clearly establishes that the trial court was especially familiar with the

10

unique issues presented in the administration of this succession and Ms. Landry's role as independent administrator. Although Kacie complains about being denied the opportunity to cross-examine Ms. Landry during the January 19, 2017 hearing, the record establishes that Ms. Landry was thoroughly cross-examined regarding her administration of the estate at the October 20, 2016 hearing on Kacie's motion to remove her as administrator.[5] Ms. Landry's request for interim payment of fees and expenses was not before the court on that date; however, it was referenced at the hearing and Ms. Landry was questioned about the basis for her requested fees. Kacie also testified at the October 20, 2016 hearing, expressing her belief that Ms. Landry had not earned fees in the amount requested in the interim accounting.

At the January 19, 2017 hearing, Ms. Landry's attorney directed the court's attention to Ms. Landry's engagement letter in which Kacie agreed to Ms. Landry's fee schedule and further agreed that bills would be paid without contest. Ms. Landry's attorney also pointed out that the trial court had recently denied Kacie's request to remove Ms. Landry as administrator and objected to any attempt to cross-examine Ms. Landry about the same issues raised in Kacie's attempt to remove Ms. Landry as administrator. Kacie's attorney argued that Ms. Landry should be subject to cross-examination about the bills, making arguments about whether some of Ms. Landry's actions were appropriate, which harkened back to the hearing on the motion to remove Ms. Landry as succession representative.

The trial court denied Kacie's attorney's request to cross-examine Ms. Landry about the bills and requested fees but indicated it understood the arguments presented and would undertake careful review of the bills to determine whether the requested fees were reasonable. In fact, the record establishes that the same basic arguments about Ms. Landry's handling of the estate were made during the October

---

[5] A transcript of the October 20, 2016 hearing is included in the designated record before us; therefore, it is properly considered as part of this appeal.

11

20, 2016 hearing. In light of the agreement in the engagement letter that Ms. Landry's bills would be paid without contest and the preceding hearing on the motion to remove Ms. Landry as administrator, we find no merit to Kacie's arguments on appeal that the March 14, 2017 judgment should be reversed or vacated because cross-examination was not allowed at the January 19, 2017 hearing.

A trial court has great discretion in setting a succession administrator's fee, and its award will not be disturbed on appeal absent a showing of an abuse of discretion. **In re Succession of Horrell**, 2011-0194 (La. App. 4th Cir. 11/30/11), 79 So.3d 1162, 1164-65, writ denied, 2012-0180 (La. 3/23/12), 85 So.3d 96. The trial court acknowledged that "[Ms. Landry's] duties [had] extended far beyond those anticipated in a simple succession." The trial court further explained that it reviewed all invoices submitted by Ms. Landry, determined that certain amounts should be excluded, and reduced Ms. Landry's fees accordingly. Kacie has not shown that the trial court abused its discretion in awarding Ms. Landry the interim amount of $115,675.82 for her fees and expenses for administration of the Breen estate.

## CONCLUSION

The March 14, 2017 judgment awarding Ms. Landry interim payment of independent administrator fees and attorney fees is affirmed. Costs of this appeal are assessed to Kacie M. Breen.

**AFFIRMED.**